Loreto Gutierrez **ROMERO,**
Petitioner—Appellant,

v.

Rosie **GARCIA,** Warden, Respondent—
Appellee.

No. 03–56331.
D.C. No. CV–01–00058–GLT.

United States Court of Appeals,
Ninth Circuit.

Submitted May 2, 2005.*

Decided May 5, 2005.

Loreto Gutierrez Romero, Blythe, CA, Jerald L. Brainin, Los Angeles, CA, for Petitioner–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Peter Quon, Jr., Pat Zaharopoulos, AGCA—Office of the California Attorney General (San Diego), San Diego, CA, for Respondent–Appellee.

Before LEAVY, FISHER and BYBEE, Circuit Judges.

MEMORANDUM**

Loreto Gutierrez Romero appeals the district court's denial of his habeas corpus petition pursuant to 28 U.S.C. §§ 2241, 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

An officer's obligation to give a suspect *Miranda* warnings before interrogation extends only to those instances where the individual is in custody. *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977) (per curiam). Whether an individual is in custody depends on whether, given all of the circumstances surrounding the interrogation, "there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Stansbury v. California*, 511 U.S. 318, 322, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (internal quotation marks omitted). Examining the totality of the circumstances, *see Alvarado v. Hickman*, 316 F.3d 841, 846 (9th Cir.2002) (as amended after denial of rehearing and rehearing en banc), we hold that the California Court of Appeal's conclusion that Romero was not in custody during the first hour and twenty minutes of the videotaped interview prior to receiving his *Miranda* warnings was not a decision that was "contrary to, or involved an unreasonable ap-

** This disposition is not appropriate for publication and may not be cited to or by the

plication of, clearly established Federal law," as is required for habeas relief under 28 U.S.C. § 2254(d)(1) ("AEDPA"). *See Bains v. Cambra*, 204 F.3d 964, 972, 977–78 (9th Cir.2000) (holding that the state court's determination that petitioner was not in custody was not unreasonable under AEDPA, where the petitioner voluntarily went to the police station, was interviewed by three police officers and one polygraph examiner, was deceitfully told that another man had implicated him in a murder and was questioned for four hours before being advised of his *Miranda* rights). Thus, the district court properly denied Romero's habeas petition.

**AFFIRMED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.